# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO. 18 B 16544 |
| George Peake , ) | HON. Deborah Thorne |
| ) | CHAPTER 13 |
| ) | |
| DEBTOR. ) | |

## NOTICE OF MOTION

TO:  Marilyn o Marshall, Chapter 13 Trustee, 224 South Michigan Ave., STE 800, Chicago, IL 60604;

David Holtkamp, Counsel for the City of Chicago, Department of Law, 121 N. LaSalle St., Ste. 400, Chicago, Illinois 60602;

Harris & Harris, C/O City of Chicago, 111 W. Jackson Blvd., Suite 600, Chicago, IL 60604

City of Chicago, P.O Box 71429, Chicago, IL 60694;

Anna Valencia, City Clerk, 121 N. LaSalle Street, Room 107, Chicago, IL 60602;

See attached service list;

Please take notice that on June 27, 2018, at 9:30 a.m., I shall appear before the Honorable Judge Deborah Thorne in Courtroom 613 in the Federal Dirksen Building, 219 S. Dearborn Street, Chicago, Illinois and present the attached motion and you may appear if you so choose.

## PROOF OF SERVICE

The undersigned, an attorney, certifies that he transmitted a copy of their notice and the attached motion to the attached service list via regular U.S. Mail with postage prepaid from the mailbox located at 20 S. Clark Street, Chicago, IL 60603 on June 20, 2018.

/s/ *Aaron Weinberg and John Wonais*
Attorneys for Debtor
The Semrad Law Firm, LLC
20 S. Clark Street, 28th Floor
Chicago, IL 60603
(312) 256-8516

1

```
Label Matrix for local noticing        U.S. Bankruptcy Court                   CBE GROUP
0752-1                                  Eastern Division                       1309 Technology Pkwy
Case 18-16544                           219 S Dearborn                         Clarksville, IA 50619
Northern District of Illinois           7th Floor
Chicago                                 Chicago, IL 60604-1702
Wed Jun 13 09:24:04 CDT 2018

City of Chicago - Parking and red Light Tick   ComEd                          GO FINANCIAL
121 N. LaSalle Street                   1919 Swift Drive                       Po Box 29018
Chicago, IL 60602-1202                  Oak Brook, IL 60523-1502               Phoenix, AZ 85038-9018


IRS 1                                   Peoples Gas                            Provident Hospital
PO Box 7346                             PO BOX 2968                            500 E 51st St
Philadelphia, PA 19101-7346             Milwaukee, WI 53201-2968               Chicago, IL 60615-2494


R&R Country Motors                      St. Bernard Hospital                   State of IL Department of Revenue
300 Dixie Hwy                           326 W 64th St                          PO Box 19035
Beecher, IL 60401-3626                  Chicago, IL 60621-3146                 Springfield, IL 62794-9035


US Cellular                             George Peake                           Marilyn O Marshall
c/o: American Infosource LP as agent    4841 S Langley                         224 South Michigan Ste 800
4515 N Sante Fe Ave                     Apt 2N                                 Chicago, IL 60604-2503
Oklahoma City, OK 73118-7901            Chicago, IL 60615-1515


Michael Spangler                        Patrick S Layng                        End of Label Matrix
The Semrad Law Firm, LLC                Office of the U.S. Trustee, Region 11  Mailable recipients    16
20 S Clark St, 28th Floor               219 S Dearborn St                      Bypassed recipients     0
Chicago, IL 60603-1811                  Room 873                               Total                  16
                                        Chicago, IL 60604-2027
```

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO. 18 B 16544 |
| George Peake , ) | HON. DEBORAH THORNE |
| ) | CHAPTER 13 |
| ) | |
| DEBTOR. ) | |

**MOTION FOR SANCTIONS AND TURNOVER**

NOW COMES the Debtor, George Peake, by and through Debtor's attorneys, The Semrad Law Firm, LLC, and moves ther Honorable Court to enter an order for sanctions and turnover against the City of Chicago and state as follows:

1. That this Court has jurisdiction pursuant to 11 U.S.C. §362.

2. That on or about May 31, 2018, Debtor's vehicle, a 2007 Lincoln MKZ ("Vehicle"), plate number Y729731, was booted by the City of Chicago.

3. That on June 1, 2018, Debtor's vehicle was towed and impounded by the City of Chicago.

4. That GO Financial is a lienholder on Debtor's Vehicle and owed approximately $7,312.79.

5. That on June 9, 2018, the Debtor filed a petition for relief pursuant to Chapter 13, Title 11 of the United States Code.

6. That on June 9, 2018, the Debtor filed a proposed plan treating the City of Chicago and Go Financial as a secured creditor under Section 3.2. *See* Exhibit A

7. That the Debtor properly listed the City of Chicago as a creditor on her bankruptcy schedules. *See* Exhibit B.

8. That on June 13, 2018, the Clerk of the Court sent notice of Debtor's bankruptcy filing to all creditors including the City of Chicago and on June 16, 2018, notice of Debtor's

    proposed plan. See Exhibit C.

9. That on June 15, 2018, Debtor's Counsel contacted the City of Chicago seeking release of the vehicle. After contacting the City, the City of Chicago filed a secured proof of claim in the amount of 5393.27. *See* Exhibit D.

10. That a significant portion of the alleged parking ticket debt owed to the City of Chicago accrued as a result of other individuals driving the Debtor's vehicle.

11. That at all times relevant hereto, the Debtor used the vehicle to drive to work at the Amazon Facility in Joliet, Illinois , approximately45 miles from his residence on the southside of Chicago.

12. That without said vehicle, the Debtor is paying others to drive him to work during the weekdays and to otherwise to get around on the weekend.

13. That to date, the City of Chicago has not released Debtor's vehicle and failed to file any motion before the Court. That the City will only release vehicles upon debtors, including Mr. Peake, satisfying their specific demands.

14. That the City's new policy restricts debtors to two options for releasing impounded vehicles while in bankruptcy: (1) wait until a plan is confirmed that treats the City's claim in full as a secured creditor with a 60-month set, or (2) provide the same treatment in the plan as above but pay upwards of $1,250.00 up front to release the vehicle prior to confirmation.

15. That it is well established that in the Seventh Circuit, pursuant to *Thompson v. GMAC, LLC*, 566 F.3d 699 (7th Cir. 2009) (hereinafter "*Thompson*"), the Bankruptcy Code (hereinafter "Code") "requires that a creditor immediately return a seized asset in which a debtor has an equity interest to the debtor's estate upon her filing of Chapter 13

3

bankruptcy." *Id.* at 700. Further, Section 542(a) of the Code mandates that "turnover of a seized asset is compulsory." *Id.* at 704. "The failure to fulfill their duty, regardless of whether the original seizure was lawful, constitutes a prohibited attempt to 'exercise control over property of the estate' in violation of the automatic stay." *Knaus v. Concordia Lumber Co., Inc.*, 889 F.2d 773, 775 (8th Cir.1989) ("*In re Knaus*").

16. That rather than following the Seventh Circuit's holding in *Thompson v. General Motors Acceptance Corporation, LLC,* 566 F.3d 699 (7th Cir. 2009) ("*Thompson"),* the City of Chicago continues to take the position that the opinion of Judge Cassling in *In re Avila*, 566 B.R.5588 (Bankr. N.D. Ill. 2017) is binding precedent in all bankruptcy courts in the Northern District of Illinois, including this one, and supports their new policy in not releasing vehicles despite not taking any action in the bankruptcy proceeding whatsoever.

17. That at least three recent decisions have found such conduct and failure to release vehicles by the City in direct contradiction with *Thompson*, including *In re: Robbin L. Fulton, Debtor.*, 18 BK 02860, 2018 WL 2570109, at *9 (Bankr. N.D. Ill. May 1, 2018); *In re Howard*, 584 B.R. 252, 258 (Bankr. N.D. Ill. 2018); and *In re Cross*, 18 AP 00154, 2018 WL 2392853, at *9 (Bankr. N.D. Ill. May 25, 2018), each holding the City to not be found within the ambit of Section 362(b)(3), or have enacted a valid ordinance creating a possessory lien within their home rule authority.

18. That even should a valid possessory lien be found, continuous possession of collateral to secure said lien is not an exception to the automatic stay or within an exception to the stay because an *involuntary* turnover of possession does *not* result in a loss of the underlying possessory lien. *See In re WEB2B Payment Sols., Inc.*, 488 B.R. 387, 394

4

(Bankr. App. 8th Cir. 2013); *See also Davis v. Sewell, 696 S.W.2d 247, 248* (1985) (where a horse temporarily escaped because of a downed fence, it was "not the kind of loss of possession which will defeat" an agister's lien).

19. That because turnover is compulsory upon filing pursuant to *Thompson*, subject to the filing of an emergency motion for relief – which the City has not done – surrendering possession of impounded vehicles is *involuntary* thereby not resulting in a loss of any purported possessory lien or invoking any exception to the stay.

20. That the City of Chicago's failure to release Debtor's vehicle constitutes a violation of the Automatic Stay enumerated in 11 U.S.C. §362(a).

21. The City of Chicago is not irreparably harmed nor are their substantive rights being modified or impaired by the automatic stay. Like thousands of other creditors, the City of Chicago is afforded various remedies under the Code and have failed to utilize them or take any action in this case.

22. Debtor respectfully requests this Court to enter an order requiring the City of Chicago to immediately release Debtor's vehicle.

23. At all times relevant hereto, Debtor has done nothing to provoke the City of Chicago to continue to hold Debtor's vehicle.

WHEREFORE, Debtor, George Peake, prays this Honorable Court for the following relief:

A.    That this Honorable Court enter an Order directing the City of Chicago to turn over the 2007 Lincoln MKZ to the Debtor; and

B.    For any further relief as the Court may deem fair and proper.

        Respectfully Submitted,

*/s/ Aaron Weinberg and John Wonaiss*
Attorneys for Debtor
The Semrad Law Firm, LLC
20 S. Clark Street, 28th Floor
Chicago, IL 60603
(312) 256-8516